UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,

      Plaintiff,                            Case No. 14-cv-12236
                                               Hon. Matthew F. Leitman

v.

LB ENTERTAINMENT, INC. et al.,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN ORDER EXTENDING TIME TO SERVE THE SUMMONS AND COMPLAINT, FOR A REISSUED SUMMONS FOR ALL DEFENDANTS AND FOR AN ORDER FOR ALTERNATIVE SERVICE AS TO DEFENDANTS MIKEY BROWN AND EYVONE JONES (ECF #5)

On June 5, 2014, Plaintiff J & J Sports Productions, Inc. ("J & J") filed the instant action against Defendants LB Entertainment, Inc. ("LB Entertainment"), Mikey Brown ("Brown"), and Eyvone Jones ("Jones") (collectively "Defendants"). (*See* Compl., ECF #1.)  Among other things, J & J alleges that Brown and Jones own LB Entertainment (*see id.* at ¶10) and that Defendants unlawfully broadcast a Manny Pacquiao closed-circuit boxing match without paying J & J for the rights to do so (*id.* at ¶15.)  The Court issued summonses for LB Entertainment, Brown, and Jones on June 6, 2014.

On October 3, 2014 – the date the summonses were set to expire – J & J filed its instant "Motion for an Order Extending the Time to Serve the Summons

1

and Complaint, For a Reissued Summons for All Defendants, and for an Order for Alternative Service as to Defendants Mikey Brown and Evyone Jones." (*See* ECF #5.) In its motion, J & J asserts that it "diligently attempted to locate" Brown and Jones "but was not successful." (*Id.* at ¶4.) J & J claims that its attempts to serve the summons and Complaint on Jones and Brown by mail went unclaimed, and that it otherwise has been unable to locate any information about their whereabouts. (*See id.* at ¶¶4(a)-4(i).) J & J, however, believes that with additional time Brown and Jones "will get actual notice of the proceedings…" (*Id.* at 4, Pg. ID 18.) J & J therefore requests that the Court reissue a summons for the Defendants, extend the time for it to serve Brown and Jones, and that it "enter an order allowing alternative services upon [Brown and Jones] that is reasonably calculated to give them actual notice of the proceedings and an opportunity to respond." (*Id.*)

Federal Rule of Civil Procedure 4(e)(1) states that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Michigan Court Rule 2.105 governs service of process in the State of Michigan and it states in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(1)-(2). "On a showing that service of process cannot reasonably be made as provided by this rule, [a] court may by order permit service of process to be made in any other manner reasonably calculated to give [a] defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1). "A request for an order under [MCR 2.105(I)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs." MCR 2.105(I)(2).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

3

J & J's motion for alternative service fails for multiple reasons.  First, the motion is not verified as MCR 2.105(I)(2) plainly requires.  Indeed, while J & J sets forth numerous actions it alleges to have taken in order to locate Brown and Jones, its motion is not verified and does not contain any supporting affidavit(s).  Moreover, while J & J claims that its searches of the white pages and for real property interests of Brown and Jones "revealed results" that "were not instructive as to [Brown and Jones'] whereabouts" (Mot. at ¶¶4(e)-4(h)), J & J has provided no detail about what results these searches did reveal and what actions J & J took before determining that the results did not "yield[] meaningful information."  (*Id.*)  Finally, while J & J has tried to serve Brown and Jones by mail, it has apparently not attempted to serve Brown or Jones personally, and it has provided no explanation for why it has failed to do so and/or why it believes such an attempt would not be successful.  J & J has therefore not established its entitlement to an order allowing alternative service.  *See, e.g., Krueger*, 300 N.W.2d at 919 (denying motion for substituted service in part because "the pleadings contain insufficient factual assertions as to what diligent attempts were undertaken to find and serve defendants…")

The Court does find, however, that good cause exists to allow J & J a modest extension of time to serve Brown and Jones.  *See* Fed. Rule Civ. Proc. 4(m). The Court will therefore extend the summonses for Brown and Jones by thirty days.  If

4

J & J is still unable to locate and serve Brown and/or Jones, the Court would entertain a properly-supported motion for alternative service filed within this thirty-day time period.

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** J & J's "Motion for an Order Extending the Time to Serve the Summons and Complaint, For a Reissued Summons for All Defendants, and for an Order for Alternative Service as to Defendants Mikey Brown and Evyone Jones" (ECF #5) is **GRANTED IN PART AND DENIED IN PART**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

5